**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| LOCKTON, INC. and LOCKTON COMPANIES, LLC, | ) ) ) |
| *Plaintiffs*, | ) ) Case No. |
| *vs.* | ) ) **JURY TRIAL DEMANDED** |
| RACHEL LEE | ) ) |
| Serve at: 6255 Beechtree Drive Unit 4201 West Des Moines, IA 50266 | ) ) ) ) ) |
| *Defendant*. | ) |

## COMPLAINT

COMES NOW, Plaintiffs Lockton, Inc. and Lockton Companies, LLC, by and through undersigned counsel, and for their Complaint against Defendant Rachel Lee, states as follows:

### BACKGROUND

1. This is an action for federal trademark infringement, false designation of origin, and unfair competition under the Lanham Act brought because Defendant registered a company in Iowa using Plaintiffs' trademarks.[1]

2. Plaintiffs and Defendant are, upon information and belief, all in the insurance business and therefore Defendant's use of Plaintiffs' trademarks is likely to cause confusion among consumers.

---

[1] Lockton, Inc. and Lockton Companies, LLC are both in the Lockton family of companies. Lockton, Inc. holds the trademark rights in the Marks as defined herein. Lockton Companies, LLC is licensed to do business in Iowa and is authorized to use Lockton, Inc.'s trademarks. For simplicity, Lockton, Inc. and Lockton Companies, LLC are collectively referred to as "Plaintiffs" or "Lockton" herein.

41175465.v7

3. Plaintiffs demanded that Defendant cease from using or making any reference to "Texas Series of Lockton Companies, LLC," "Lockton Companies, LLC," and/or "Lockton," and remove all references to "Texas Series of Lockton Companies, LLC" with the Iowa Secretary of State.

4. Defendant did not respond to Plaintiffs' demand and, upon information and belief, continues to use Plaintiffs' trademarks.

## PARTIES

5. Plaintiff Lockton Companies, LLC is a Missouri series limited liability company with its principal place of business in Kansas City, Missouri.

6. Plaintiff Lockton, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri.

7. Defendant is an individual who, upon information and belief, resides and is domiciled in West Des Moines, Iowa.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over the claims herein because they are brought under federal statute. *See* 28 U.S.C. § 1331.

9. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides and is domiciled in this Judicial District.

10. Venue is proper in this Judicial District because, upon information and belief, Defendant resides in this Judicial District and a substantial part of the events giving rise to the claims herein occurred in this Judicial District. *See* 28 U.S.C. § 1391(b).

## FACTS

11. Lockton is the largest private commercial insurance brokerage in the world with a

41175465.v7

business presence both globally and within the state of Iowa.

12. The "Texas Series of Lockton Companies, LLC" is a series established by Lockton Companies, LLC. The Texas series has been operating under the name "Texas Series of Lockton Companies, LLC" since January 1, 2017.

13. Lockton has trademark rights in, among other marks, "Texas Series of Lockton Companies, LLC," "Lockton," "Lockton Companies, LLC," "Texas Series of Lockton," and "Texas Series of Lockton Companies" (collectively referred to as the "**Marks**").

14. In fact, Lockton has created a family of trademarks based around the Lockton name. *See* **Exhibit 1**.

15. Lockton does business in Iowa through its registered office located at 1075 Jordan Creek Parkway, Suite 160, West Des Moines, Iowa 50266 and is registered to do business in Iowa under the name Lockton Companies, LLC.

16. Upon information and belief, Defendant works in the insurance industry in Iowa.

17. On April 1, 2025, Defendant obtained an Employer Identification Number ("EIN") from the IRS for "Texas Series of Lockton Companies LLC."

18. On April 2, 2025, Defendant filed a Certificate of Organization with the Iowa Secretary of State for "Texas Series of Lockton Companies LLC" (the "**Fraudulent Company**").

19. Defendant identified herself as the organizer and registered agent of the Fraudulent Company.

20. Defendant listed 6255 Beechtree Drive, Unit 4201, West Des Moines, Iowa 50266 as the Fraudulent Company's principal office and the address of its registered agent.

21. Upon information and belief, Defendant formed the Fraudulent Company with the intent to use the Marks to advance her insurance business.

22. Defendant has no affiliation with Plaintiffs or any Lockton entity.

23. Defendant does not have a license, authorization, or permission to use the Lockton name or any of the Marks.

24. On August 12, 2025, Plaintiffs mailed Defendant a cease-and-desist letter regarding the Fraudulent Company. Defendant did not respond.

25. On September 2, 2025, Plaintiffs submitted a Consumer Protection Complaint Form and letter to the Iowa Attorney General's Office regarding the Fraudulent Company.

26. Plaintiffs also contacted the Iowa Secretary of State's Office regarding the Fraudulent Company. The Iowa Secretary of State's Office advised that it could not remove the Fraudulent Company absent a court order.

**COUNT I—Federal Trademark Infringement (15 U.S.C. § 1114)**

27. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 26 as if fully set forth herein.

28. Lockton has a federally registered (U.S. Registration No. 2,624,149), protected trademark interest in the mark "Lockton."

29. Plaintiffs' mark "Lockton" is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous prior to Defendant's conduct alleged herein because the mark "Lockton" is widely recognized by the general consuming public of the United States as a designation of the goods or services of Plaintiffs.

30. Lockton has used and exercised its valid trademark rights to "Lockton."

31. Defendant's unauthorized use of a name that is confusingly similar to the protected mark "Lockton" is likely to cause confusion as to the identity or association between Plaintiffs and Defendant and constitutes trademark infringement under the laws of the United States including

15 U.S.C. § 1114(1)(a).

32. Defendant's actions are willful, deliberate, and in bad faith.

33. Defendant's conduct entitles Lockton to recover its damages and costs including attorneys' fees in this action, together with an accounting of Defendant's profits.

34. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Lockton will continue to suffer irreparable harm and injury to Lockton's goodwill and reputation.

## COUNT II—Federal False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125)

35. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

36. Lockton has a federally registered (U.S. Registration No. 2,624,149), protected trademark interest in the mark "Lockton."

37. Lockton's mark "Lockton" is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous prior to Defendant's conduct alleged herein because the mark "Lockton" is widely recognized by the general consuming public of the United States as a designation of the goods or services of Plaintiffs.

38. As described herein, Defendant used the mark "Lockton" in commerce.

39. Defendant used the mark "Lockton" to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the goods and services of Defendant, and/or to deliberately pass off Defendant's goods and services as those of Plaintiffs.

40. Defendant's conduct described herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Plaintiffs to an accounting of Defendant's profits, increased damages, and an award of attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

41175465.v7

41. Defendant's use of the mark "Lockton" in commerce constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause a mistake, or to deceive as to the affiliation, connection, or association of the Defendant's good and services with the goods and services of Plaintiffs and/or as to the origin, sponsorship, or approval by Plaintiffs of Defendant's goods and services.

42. Defendant's use of the mark "Lockton" will cause a loss of goodwill and profits to Plaintiffs, unjustly enrich Defendant, damage the reputation of Plaintiffs' goods and services, and injure the public by causing confusion, mistake, and/or deception.

43. Pursuant to 15 U.S.C. § 1116(a), Lockton is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of Plaintiffs' mark "Lockton."

**COUNT III—Federal Trademark Dilution (15 U.S.C. § 1125)**

44. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

45. Lockton has a federally registered (U.S. Registration No. 2,624,149), protected trademark interest in the mark "Lockton."

46. Plaintiffs' mark "Lockton" is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous prior to Defendant's conduct alleged herein because the mark "Lockton" is widely recognized by the general consuming public of the United States as a designation of the goods or services of Plaintiffs.

47. Defendant's operation of similar services under the banner that bears Plaintiffs' mark "Lockton" is likely to cause dilution by blurring and/or dilution by tarnishment of the distinctive quality of Plaintiffs' mark "Lockton" and was done by Defendant with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' mark "Lockton."

41175465.v7

48. Defendant's unauthorized use of Lockton's mark "Lockton" was done with notice and full knowledge that such use of Lockton's mark "Lockton" was not authorized or licensed by Plaintiffs.

49. Defendant's actions described herein were in knowing and willful violation of Plaintiffs' rights under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

51. As a result of Defendant's actions, Lockton has been damaged in an amount to be ascertained at trial.

**COUNT IV—Federal Common Law Trademark Infringement (Lanham Act)**

52. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

53. Plaintiffs used the mark "Texas Series of Lockton Companies, LLC" in connection with the sale of commercial insurance products to consumers in Iowa.

54. The mark "Texas Series of Lockton Companies, LLC" identified Plaintiffs as the provider of commercial insurance products in the minds of consumers in Iowa.

55. Defendant's use of "Texas Series of Lockton Companies LLC" is likely to confuse consumers about the source of Defendant's products.

56. Defendant's use of "Texas Series of Lockton Companies LLC" is a willful, knowing, and malicious attempt by Defendant to pass of Defendant's goods and services as being associated with Plaintiffs.

57. Defendant's unauthorized use of Plaintiffs' mark "Texas Series of Lockton

41175465.v7

Companies LLC" was done with notice and full knowledge that such use of Plaintiffs' mark was not authorized or licensed by Plaintiffs.

58. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

59. As a result of Defendant's actions, Lockton has been damaged in an amount to be ascertained at trial.

## COUNT V—Federal False Designation of Origin and Unfair Competition
## (15 U.S.C. § 1125)

60. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

61. Lockton has a common law trademark interest in "Texas Series of Lockton Companies, LLC."

62. Plaintiffs' mark "Texas Series of Lockton Companies, LLC" is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous prior to Defendant's conduct alleged herein because the mark is widely recognized by the general consuming public of the United States as a designation of the goods or services of Plaintiffs.

63. As described herein, Defendant used the mark "Texas Series of Lockton Companies LLC" in commerce.

64. Defendant used the mark to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the goods and services of Defendant, and/or to deliberately pass off Defendant's goods and services as those of Plaintiffs.

65. Defendant's conduct described herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Plaintiffs to an accounting of Defendant's profits, increased damages, and

an award of attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

66. Defendant's use of the mark in commerce constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause a mistake, or to deceive as to the affiliation, connection, or association of the Defendant's good and services with the goods and services of Plaintiffs and/or as to the origin, sponsorship, or approval by Plaintiffs of Defendant's goods and services.

67. Defendant's use of the mark will cause a loss of goodwill and profits to Plaintiffs, unjustly enrich Defendant, damage the reputation of Plaintiffs' goods and services, and injure the public by causing confusion, mistake, and/or deception.

68. Pursuant to 15 U.S.C. § 1116(a), Lockton is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of Plaintiffs' mark "Texas Series of Lockton Companies LLC."

### COUNT VI—Federal Trademark Dilution (15 U.S.C. § 1125)

69. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

70. Lockton has a common law trademark interest in "Texas Series of Lockton Companies, LLC."

71. Plaintiffs' mark "Texas Series of Lockton Companies, LLC" is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous prior to Defendant's conduct alleged herein because the mark is widely recognized by the general consuming public of the United States as a designation of the goods or services of Plaintiffs.

72. Defendant's operation of similar services under the banner that bears Plaintiffs' mark "Texas Series of Lockton Companies, LLC" is likely to cause dilution by blurring and/or

dilution by tarnishment of the distinctive quality of Plaintiffs' mark and was done by Defendant with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' mark "Texas Series of Lockton Companies, LLC."

73. Defendant's unauthorized use of Plaintiffs' mark was done with notice and full knowledge that such use of Plaintiffs' mark was not authorized or licensed by Plaintiffs.

74. Defendant's actions described herein were in knowing and willful violation of Plaintiffs' rights under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

76. As a result of Defendant's actions, Lockton has been damaged in an amount to be ascertained at trial.

**COUNT VII—Iowa Common Law Trademark Infringement (Iowa Code § 548.101, *et seq.*)**

77. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

78. Lockton has valid common law trademark rights in the Marks under Iowa law.

79. Plaintiffs used the Marks in connection with the sale of commercial insurance products to consumers in Iowa.

80. The Marks are sufficiently distinctive to identify Plaintiffs.

81. The Marks identified Plaintiffs as the provider of commercial insurance products in the minds of consumers in Iowa.

82. Defendant's actions described herein infringe on Plaintiffs' Marks because Defendant's use of Plaintiffs' Marks will cause a likelihood of confusion among customers.

83. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

84. As a result of Defendant's actions, Lockton has been damaged in an amount to be ascertained at trial.

**COUNT VIII—Iowa Common Law False Designation of Origin and Unfair Competition (Iowa Code § 548.116)**

85. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

86. Lockton has common law trademark interests in "Lockton" and "Texas Series of Lockton Companies, LLC."

87. Plaintiffs' marks "Lockton" and "Texas Series of Lockton Companies, LLC" are "famous marks" in Iowa within the meaning of Iowa Code § 548.113.1 and have been famous in Iowa prior to Defendant's conduct alleged herein because the marks are widely recognized by the general consuming public of Iowa as a designation of the goods or services of Plaintiffs.

88. As described herein, Defendant used the marks "Lockton" and "Texas Series of Lockton Companies LLC" in commerce.

89. Defendant used the marks to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the goods and services of Defendant, and/or to deliberately pass off Defendant's goods and services as those of Plaintiffs.

90. Defendant's conduct described herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Plaintiffs to an accounting of Defendant's profits, increased damages, and an award of attorneys' fees and costs incurred in prosecuting this action under Iowa Code § 548.114.1.

41175465.v7

91. Defendant's use of the marks in commerce constitutes unfair competition and false designation of origin in violation of Iowa Code § 548.116 in that it is likely to cause confusion, to cause a mistake, or to deceive as to the affiliation, connection, or association of the Defendant's good and services with the goods and services of Plaintiffs and/or as to the origin, sponsorship, or approval by Plaintiffs of Defendant's goods and services.

92. Defendant's use of the marks will cause a loss of goodwill and profits to Plaintiffs, unjustly enrich Defendant, damage the reputation of Plaintiffs' goods and services, and injure the public by causing confusion, mistake, and/or deception.

93. Pursuant to Iowa Code § 548.114.1, Lockton is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of Plaintiffs' marks "Lockton" and "Texas Series of Lockton Companies LLC."

**COUNT IX—Iowa Common Law Trademark Dilution (Iowa Code § 548.113)**

94. Plaintiffs repeat and reallege the allegations in Paragraph 1 through 26 as if fully set forth herein.

95. Lockton has common law trademark interests in "Lockton" and "Texas Series of Lockton."

96. Plaintiffs' marks "Lockton" and "Texas Series of Lockton" are "famous marks" in Iowa within the meaning of Iowa Code § 548.113.1 and have been famous prior to Defendant's conduct alleged herein because the marks are widely recognized by the general consuming public of Iowa as a designation of the goods or services of Plaintiffs.

97. Defendant's operation of similar services under the banner that bears Plaintiffs' marks "Lockton" and "Texas Series of Lockton" is likely to cause dilution by blurring and/or dilution by tarnishment of the distinctive quality of Plaintiffs' marks and was done by Defendant

with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' marks "Lockton" and "Texas Series of Lockton."

98. Defendant's unauthorized use of Plaintiffs' marks was done with notice and full knowledge that such use of Plaintiffs' marks was not authorized or licensed by Plaintiffs.

99. Defendant's actions described herein were in knowing and willful violation of Plaintiffs' rights under Iowa law.

100. Lockton has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

101. As a result of Defendant's actions, Lockton has been damaged in an amount to be ascertained at trial.

WHEREFORE, Plaintiffs Lockton, Inc. and Lockton Companies, LLC respectfully request that the Court enter judgment in their favor and against Defendant Rachel Lee, and order relief as follows:

   a. A preliminary and permanent injunction enjoining Defendant, her officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from using the infringing Marks or any other mark confusingly similar to Plaintiffs' Marks, and from otherwise engaging in conduct likely to cause confusion as to source, affiliation, sponsorship, or approval;

   b. An order requiring Defendant to deliver up for destruction, or to remove from commerce, all labels, signs, packaging, advertisements, promotional materials, domain names, social media handles, and other items bearing the infringing Marks or any confusingly similar designation;

41175465.v7

c. An order requiring that Defendant's registration of "Texas Series of Lockton Companies, LLC" with the Iowa Secretary of State be cancelled and nullified;

d. An accounting and award of Defendant's profits attributable to the infringement, and Plaintiffs' actual damages, in amounts to be determined at trial, together with pre- and post-judgment interest;

e. An order requiring corrective advertising and other appropriate equitable relief to remedy confusion and restore Plaintiffs' goodwill, as warranted;

f. An order requiring Defendant to pay Plaintiffs' costs of suit and attorneys' fees; and

g. Such other and further relief the Court deems just and proper under the circumstances.

**Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand trial by jury of any and all issues triable by right of jury in the above action.**

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Katrina L. Smeltzer*
Katrina L. Smeltzer, Iowa Bar No. AT0009190
W. Perry Brandt, *Pro Hac Vice Motion Forthcoming*
Tracey S. Truitt, *Pro Hac Vice Motion Forthcoming*
4600 Madison Avenue, Suite 1000
Kansas City, Missouri 64112
314.231.3332
816.627.5532 (fax)
ksmeltzer@sandbergphoenix.com
pbrandt@sandbergphoenix.com
ttruitt@sandbergphoenix.com

Corbin M. Robinson, *Pro Hac Vice Motion Forthcoming*
701 Market Street, Suite 600
St. Louis, Missouri 63101
314.231.3332
314.241.7604 (fax)
crobinson@sandbergphoenix.com

*Attorneys for Plaintiffs*